# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEVEN O. CUPP,

          **Plaintiff,**

v.                                        Civil Action No. 2:08cv60
                                                (Judge Maxwell)

DUANE BROWN, CECIL D. NICHOLS,
JOYCE FRANCIS, DEBRA RANKIN,
KUMA J. DEBOO, K.M. WHITE AND
HARRELL WATTS,

          **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

On April 18, 2008, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants. In the complaint, the plaintiff, a federal inmate, seeks compensatory relief against the defendants, federal employees, for losses incurred when the defendants confiscated several of the plaintiff's art books, magazines and calendars.

On April 21, 2008, the plaintiff was granted permission to proceed as a pauper and was assessed an initial partial filing fee. The plaintiff paid the initial partial fee on May 5, 2008. Accordingly, this case is before the undersigned for an initial review and report and recommendation pursuant to 28 U.S.C.§§ 1915(e) and 1915A and LR PL P 83.01, et seq.

### I. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against

a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## II. The Complaint

While the plaintiff was incarcerated at FCI-Beckley, he retained in his personal property, several art books, religious books, magazines and calendars. Complaint at 3. In total, the plaintiff allegedly possessed nine books, two magazines and two calendars. Id. Upon his transfer at FCI-Gilmer, the plaintiff asserts that he was informed by a corrections officer that he could not have his books and other things because they were "sexually explicit." Id. The plaintiff asserts that he explained to the corrections officer that the books were art books. Id. However, the plaintiff was allegedly told by defendant D. Brown ("Brown") that the books were "sex books" and not allowed on the compound. Id.

The plaintiff apparently objected to Brown's characterization of his books because on April 30, 2007, he received a letter from defendant Cecil Nichols ("Nichols"), rejecting the plaintiff's request to retain possession of the books. Id. In Nichols' response, it was explained that the plaintiff

---

[1] Id. at 327.

could not retain the books because they were "sexually explicit." Id. The plaintiff filed an objection with the Warden. Id. The Warden rejected the plaintiff's request to keep the books. Id.

On June 25, 2007, the plaintiff was advised by Brown that all of his books would be retained in Brown's office until the matter was resolved. Id. Thereafter, the plaintiff filed a formal request for administrative remedy with the Warden. Id. That remedy was rejected because the plaintiff had not first attempted informal resolution of his claim. Id.

The plaintiff filed an informal resolution form requesting permission to retain copies of the books. Id. The plaintiff's request was not informally resolved. Id. On June 12, 2007, the plaintiff filed a formal administrative remedy with the Warden. Id. at 4. That request was denied. Id. The plaintiff appealed that denial to the regional office. Id. The plaintiff's regional appeal was denied. Id. On November 14, 2007, the plaintiff filed an appeal to the Central Office. Id. The plaintiff's Central Office appeal was denied. Id.

The plaintiff asserts that on February 4, 2008, he was informed by Brown that his books had been destroyed because they had been considered abandoned. Id. The plaintiff was told by defendant Debra Rankin ("Rankin"), that he "would have to do what ever (sic) [he] needed to do." Id.

On October of 2007, the plaintiff ordered two more art books. Id. The plaintiff asserts that the books sat in the store room until February. Id. at 4-5. On February 11, 2008, the plaintiff received a notice that his art catalog had been rejected and would be sent back. Id. at 5. According to the plaintiff, his art catalog was rejected under the "Ensign Amendment," which prohibits obscene and pornographic materials. Id. The plaintiff asserts that he spoke with Brown and Rankin about the returned art catalog on February 12, 2008. Id. The plaintiff asserts that no matter what he did

"it did not change a thing." Id. The plaintiff complained to defendant Kuma Deboo. Id. The plaintiff's complaints were rejected. Id. Thereafter, the plaintiff attempted to file formal administrative remedies to the regional and central offices. Id. Those remedies were rejected. Id.

The plaintiff asserts that the defendants have decided that anything that depicts nudity, even an art book, is pornography. Id. Moreover, the plaintiff asserts that defendants White and Watts have failed to stay neutral when responding to administrative grievances. Id. at 5-6. The plaintiff further asserts that the defendants are letting their religious and personal beliefs affect the way they do their jobs. Id. at 6. As relief, the plaintiff seeks compensation for each of the calendars, books and magazines that were destroyed or returned. Id. at 7. In addition, the plaintiff seeks the costs of this action. Id.

### III. Analysis

**A. Exhaustion of Administrative Remedies**

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[2] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter,

---

[2] Id.

4

534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added). Moreover, an inmate may procedurally default his claims by failing to follow the proper procedures. See Woodford v. Ngo, 548 U.S.81 (2006) (recognizing the PLRA provisions contain a procedural default component).

In addition, although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, the court is not foreclosed from dismissing a case *sua sponte* on exhaustion grounds. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681 (4th Cir. 2005). If the failure to exhaust is apparent from the face of the complaint, the court has the authority under to 28 U.S.C. § 1915 to dismiss the case *sua sponte*. Id. at 682.

The Bureau of Prisons ("BOP") makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10, et seq. This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For inmates confined at FCI-Morgantown, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.) If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

Here, it appears that the plaintiff exhausted his claims related to the confiscation of his books, calendars and magazines upon his arrival at FCI-Gilmer. However, the plaintiff's administrative remedies clearly show that his claim with regard to the art books that were later ordered and then returned by BOP officials, is not exhausted.

The exhibits to the plaintiff's complaint show that on February 11, 2008, the plaintiff was advised by Warden Deboo that his art catalog was returned under the Ensign Amendment because it contained material that was sexually explicit or that featured nudity. The plaintiff received a similar notification as to another publication on February 28, 2008. In each notice, the plaintiff was advised that if he was dissatisfied with those decisions, he should appeal through the BOP's administrative remedy procedure. The plaintiff filed a formal remedy to the regional office on March 3, 2008. The plaintiff's appeal was denied because he had not first attempted informal remedy procedures or institutional remedy procedures. Instead of instituting proper administrative remedy procedures, the plaintiff chose to file an appeal of the rejection notice to the Central Office. The plaintiff's Central Office appeal was rejected for the same reasons as his regional appeal.

Not only is an inmate required to avail himself of all available administrative remedies in order to properly exhaust, he must also complete those remedies in a procedurally correct manner or risk the procedural default of his claims. See Woodford v. Ngo, supra. In this case, the plaintiff was advised that his books would be returned and was further advised that if he disagreed with this decision he should grieve the issue in the administrative remedy process. Although the Notification of Inmate of Return of Publication or Materials was signed by the Warden, that did not exempt the plaintiff from completing the entire administrative remedy process, including the filing of an informal resolution form or a formal administrative request to the Warden. Accordingly, because it is apparent from the face of the complaint that the plaintiff's claim regarding the return of his art catalogs is not exhausted, that claim is due to be dismissed for that reason.

**B.  The Confiscation of the Plaintiff's Books Upon his Arrival at FCI-Gilmer**

    1.   Defendants Nichols, Francis, Rankin, Deboo, White and Watts

Liability in a Bivens[3] case is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted). Therefore, in order to establish liability in a Bivens case, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case. Rizzo v. Good, 423 U.S. 362 (1976).

In this case, the only involvement the plaintiff asserts with regard to defendants Nichols, Francis, Rankin, Deboo, White and Watts is in their official capacities as Associate Warden, Warden, Associate Warden, Warden, Regional Director and Director of the BOP, respectively. However, a suit against government agents acting in their official capacities is considered a suit against the United States itself. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally present only another way of pleading an action against an entity of which an officer is an agent.'"). Thus, because remedy under Bivens is against federal officials in their individual capacities, and not the federal government, the plaintiff cannot maintain his claims against Nichols, Francis, Rankin, Deboo, White and Watts. At best, the plaintiff asserts that defendants Nichols, Francis, Rankin, Deboo, White and Watts denied his complaints and grievances. However, that is not the type of personal involvement required to state a Bivens claim. See Paige

---

[3] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) (authorizing suits against federal employees in their individual capacities).

v. Kupec, 2003 WL 23274357 *1 (D.Md. March 31, 2003). Accordingly, defendants Nichols, Francis, Rankin, Deboo, White and Watts should be dismissed as defendants in this action, unless the plaintiff can show that those defendants may be liable under a theory of supervisory liability.

Because there is no *respondeat superior* liability under § 1983, supervisory liability lies only "where it is affirmatively shown that the official charges acted personally in the deprivation of the plaintiff's rights." Vinnedge v. Gibbs, 550 F. 2d 926, 928 (4th Cir. 1997). Nonetheless, when a supervisor is not personally involved in the alleged wrongdoing, he may be liable if a subordinate acts pursuant to an official policy or custom for which he is responsible. Fisher v. Washington Metropolitan Area Transit Authority, 690 F. 2d 1113 (4th Cir. 1982). Similarly, a supervisor may be liable if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.), cert. denied, 513 U.S. 813 (1994).[4]

In this case, the plaintiff fails to make any allegations which reveal the presence of the required elements for supervisory liability. Thus, the plaintiff has failed to state a claim against defendants Nichols, Francis, Rankin, Deboo, White and Watts in their supervisory capacities.

---

[4] "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." Shaw, 13 F.3d at 799. "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" Id.

2. Defendant Brown

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added). "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

In this case, the plaintiff asserts that defendant Brown found that the plaintiff's art books were sexually explicit and denied him the opportunity to retain those books in his possession. The plaintiff does not assert that Brown's decision violated any constitutional right. In fact, the exhibit's to the plaintiff's complaint show that the plaintiff arrived at FCI-Gilmer with more books than are allowed pursuant to the governing regulations. See 28 C.F.R. § 553.10, et seq.; see also Program Statement 5580.07. Moreover, the plaintiff arrived with magazines and calendars which, under those same regulations, are not allowed to be transferred between institutions. Id. Accordingly, the plaintiff has failed to sufficiently establish that any constitutional violation occurred, much less that such a violation was perpetrated by defendant Brown. Accordingly, defendant Brown is due to be dismissed as a defendant in this action.

**IV. Recommendation**

For the reasons set forth in this Opinion, the undersigned recommends the following:

▸ the plaintiff's claims regarding the return of his art books be **DISMISSED without prejudice** for the failure to exhaust.

▸ the plaintiff's claims against defendants Nichols, Francis, Rankin, Deboo, White and Watts, related to the confiscation of the plaintiff's art books, magazines and calendars upon his arrival at FCI-Gilmer, be **DISMISSED with prejudice**.

▸ the plaintiff's claims against defendant Brown, related to the confiscation of the plaintiff's art books, magazines and calendars upon his arrival at FCI-Gilmer, be **DISMISSED without prejudice** for the failure to state a claim.

Within ten (10) days after being served with a copy of this Opinion/Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: December 1, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE